

FILED

MAY 1 ? 2006

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| NANCY LARSEN, <br><br>                    Plaintiff, <br><br> vs. <br><br> CIGNA CORPORATION SHORT-TERM DISABILITY PLAN and INSURANCE COMPANY OF NORTH AMERICA, <br><br>                    Defendants. | CIV. 05-4189 <br><br> MEMORANDUM OPINION AND ORDER |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

In her amended complaint (Doc. 5) Plaintiff Nancy Larsen alleges that she has been a qualified participant in the self-funded Cigna Corporation Short-Term Disability (STD) Plan and in the Cigna Corporation Long Term- Disability (LTD) Plan. The Cigna Corporation LTD Plan is an insured plan underwritten and administered by Defendant Life Insurance Company of North America. Plaintiff alleges that while a participant in both the STD and LTD plans, she suffered a severe and totally disabling migraine headache syndrome and a neck/upper back chronic pain syndrome which have left her disabled and unable to maintain gainful employment.

Plaintiff brings this action under the Employment Retirement Income Security Act of 1974 (ERISA), specifically §502(a)(1)(B)[29 U.S.C. §1132(a)(1)(B)] and 29 U.S.C.§§1104, 1106, and 1109. 29 U.S.C. § 1132(a)(1)(B) provides that a participant or beneficiary may bring a civil action to recover benefits, enforce rights or clarify rights to future benefits under the participant or beneficiary's plan. 29 U.S.C.§§1104, 1106, and 1109 address the responsibilities and liability of a fiduciary of a plan. Plaintiff's first cause of action is for breach of the STD and LTD plans for denying Plaintiff disability benefits. Plaintiff's second cause of action alleges that the Defendants, their Plan Administrators and their Claims Administrators breached a number of fiduciary duties owed to Plaintiff. Defendants filed a motion to dismiss Plaintiff's breach of fiduciary cause of action(Doc. 10) under FED.R.CIV.P. 12(b)(6).

<u>General Principles Regarding Motions To Dismiss</u>

When considering a motion to dismiss this Court must construe the complaint liberally and

assume all factual allegations to be true. *See Goss v. City of Little Rock*, 90 F.3d 306, 308 (8th Cir. 1996). The dismissal should be granted only if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts which would entitle her to relief. *See Goss*, 90 F.3d at 308; *see also Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). "A motion to dismiss should be granted 'as a practical matter ... only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" *Frey v. City of Herculaneum*, 44 F.3d at 671 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

## WHETHER PLAINTIFF'S CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED?

In her second cause of action Plaintiff alleges that the Defendants, their Plan Administrators and their Claims Administrators breached the following fiduciary duties: A. failure to keep Plaintiff reasonably informed of all material facts affecting her claim, including the standards and medical information needed to prove her case; B. breach of fiduciary duty of loyalty for construing terms out of context and beyond their common and ordinary meaning to justify denying her claim; C. failure to properly investigate her case, failure to hire adequate expert assistance to investigate and evaluate her case, and failure to make proper inquiry of Plaintiff's doctors; D. failure to adequately explain decision to her, thus depriving her of a full and fair review; E. imposition of requirements for objective medical proof beyond that required by the plan and misrepresentation of requirements of the plan; F. conspiring to "automatically, arbitrarily, capriciously, wrongly, and collusively deny" her short and long term disability benefits when she neared the end of her entitlement to short term disability benefits; and G. failure to consider new evidence submitted by her on appeal and failure to decide her appeal.

29 U.S.C. § 1132(a)(2) provides that the Secretary, a participant, beneficiary or fiduciary may bring a civil action for appropriate relief under 29 U.S.C. § 1109(a). 29 U.S.C. § 1109(a) provides:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made

2

through use of assets of the plan by the fiduciary, and shall be
subject to such other equitable or remedial relief as the court
may deem appropriate, including removal of such
fiduciary ... .

The Supreme Court has held that claims under section 1132(a)(2) to enforce a fiduciary's liability under the language of section 1109(a) which restricts a fiduciary's liability to "making good" any "losses to the plan," may be brought only to seek remedies which would protect the entire plan, rather than the rights of an individual beneficiary. *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 144 (1985). *See also Conley v. Pitney Bowes*, 176 F.3d 1044, 1047 (8th Cir. 1999). In the *Russell* case the beneficiary of the plan relied entirely on 29 U.S.C. § 1109(a) and expressly disclaimed reliance on 29 U.S.C. § 1132(a)(3). The Supreme Court in the *Russell* case, therefore, did not consider whether any other provision of ERISA authorized extracontractual damages.

Plaintiff contends that she is seeking appropriate relief in the second count of her amended complaint since she only "seeks to bind the Defendants to any equitable relief granted, not to seek additional damages against them." Plaintiff further contends that her second cause of action is not brought under 29 U.S.C. 1132 (a)(2) but is a "catch-all" breach of fiduciary action which is allowable under 29 U.S. C. 1132 (a)(3). 29 U.S. C. 1132 (a)(3) provides that a civil action may be brought by a participant beneficiary or fiduciary "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

An individual plan participant is allowed under 29 U.S. C. 1132 (a)(3) to seek equitable remedies for breach of fiduciary duty in his or her individual capacity. *See Varity Corp. v. Howe*, 516 U.S. 489, 510–513 (1996); *Knieriem v. Group Health Plan, Inc.*, 434 F.3d 1058, 1061 (8th Cir. 2006). Recovery on an individual action for equitable relief, however, is limited to "classic" equitable remedies. *Mertens v. Hewitt Assocs.*, 508 U.S. 248 (1993). These remedies include injunctive, restitutionary, or mandamus relief, but do not include compensatory damages. *Knieriem v. Group Health Plan, Inc.*, 434 F.3d at 1061; *Kerr v. Charles F. Vatterott & Co.*, 184 F.3d 938, 943 (8th Cir. 1999). In addition, where Congress has "elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief

3

normally would not be 'appropriate.'" *Varity Corp. v. Howe*, 516 U.S. at 515 (citing *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. at 144). *See also, Geissal v. Moore Medical Corp.*, 338 F.3d 926, 933 (8th Cir. 2003); *Conley v. Pitney Bowes*, 176 F.3d 1044, 1047 (8th Cir. 1999); *Wald v. Southwestern Bell Corp. Customcare Med. Plan*, 83 F.3d 1002, 1006 (8th Cir. 1996).

Plaintiff, in her amended complaint does not specifically request injunctive, restitutionary or mandamus relief. She requests an order for Defendants to "account for and pay to Plaintiff all disability benefits accrued and unpaid to the date of judgment with prejudgment interest thereon and such other and further relief both legal and equitable as Plaintiff proves herself entitled to receive." Plaintiff, in her cause of action for breach of fiduciary duty, is alleging that she was denied a full and fair review of her claim for compensatory damages. If Plaintiff provides evidence that the Defendants acted under a conflict of interest, dishonesty, with an improper motive, or without using judgment, a heightened standard of review may apply. *See Wald*, 83 F.3d at 1007. Plaintiff may also request that the case be returned to the plan administrator for further consideration. *See King v. Hartford Life and Acc. Ins. Co.*, 414 F.3d 994, 1005 (8th Cir. 2005). Plaintiff, however, has not presented a separate cause of action. Plaintiff is essentially seeking the same relief in her second cause of action as she seeks in her first cause of action. Plaintiff, therefore, does not have a cause of action for breach of fiduciary duty under 29 U.S. C. 1132 (a)(3). Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss Plaintiff's breach of fiduciary cause of action (Doc. 10) is GRANTED.

Dated this 18ᵗʰ day of May, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)        DEPUTY

4